UNITED STATES ex rel. BIRNBAUM v. HENKEL, U. S. Marshal.

(Circuit Court, S. D. New York. March 8, 1911.)

1. HABEAS CORPUS (§ 92*)—SCOPE OF WRIT—REVIEW.
    Where relator was committed for contempt in disobeying an order of a referee in bankruptcy, habeas corpus was only available to review the validity of the commitment, and not the order.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 87-95; Dec. Dig. § 92;* Contempt, Cent. Dig. § 219.]

2. HABEAS CORPUS (§ 27*)—ORDERS OF REFEREE—DISOBEDIENCE—REVIEW—CERTIFICATION.
    Under Bankr. Act July 1, 1898, c. 541, § 41b, 30 Stat. 556 (U. S. Comp. St. 1901, p. 3437), providing that the referee shall certify the facts to the judge if any person shall do any of the things prohibited by the section, and that the judge shall thereupon in summary manner hear the evidence as to the acts complained of, and, if it is such as to warrant him in so doing, punish the person in the same manner and to the same extent as for contempt committed before the court of bankruptcy, the referee's failure to certify disobedience of a proper order to the court for action, while an irregularity, was not a jurisdictional defect in proceedings to punish the person guilty of such disobedience as for contempt, so as to subject the commitment to collateral attack by habeas corpus.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 22; Dec. Dig. § 27.*]

Habeas corpus by the United States, on the relation of Jacob Birnbaum, to obtain relator's release from the custody of William Henkel, United States Marshal for the Southern District of New York. Writ dismissed.

Louis Sanders, for petitioner.
Henry A. Wise, U. S. Atty., for respondent.

HAND, District Judge. The order committing the relator for contempt in this case was made upon the return of an order to show cause issued by the District Judge and duly served upon the relator. The order which the relator disobeyed was the order of a referee in bankruptcy, and the referee had not certified to the District Court the disobedience of the relator. The order of commitment was therefore irregular, under section 41b of the bankruptcy law, which provides as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The referee shall certify thê facts to the judge if any person shall do any of the things forbidden in this section. The judge shall thereupon in summary manner hear the evidence as to the acts complained of and if it is such as to warrant him in so doing punish the person in the same manner and to the same extent as for a contempt committed before the court of bankruptcy." Act July 1, 1898, c. 541, 30 Stat. 556 (U. S. Comp. St. 1901, p. 3437).

The order itself would no doubt have been dismissed, had the matter been brought to the attention of the learned judge. Re Gitkin (D. C.) 164 Fed. 71. Habeas corpus, however, does not review the regularity of the order, but only the validity of the commitment. The order is good, if the judge had jurisdiction by the order to show cause. That question always depends upon what formalities are held to go to the essence of the grant of power, and what to the mode of its exercise. The question is usually of a somewhat formal character, dependent upon the form in which the grant of power is made to the court itself.

In the case at bar power is bestowed upon this court under section 2, subd. 16, to "punish persons for contempt committed before referees." The condition that the referee must certify is not annexed to the grant of power, and, therefore, I hold that it is not jurisdictional, but that the certificate is a procedural necessity only. If so, the order is not subject to collateral attack by habeas corpus, and the writ must be dismissed. It does not follow that, either by appeal or direct application to the judge, no relief can be obtained.

Writ dismissed.